1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **ABEL AGUIRRE,** | Case No. 1:14-cv-00417 LJO MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| **JOE LIZARRAGA, Warden,** | **[Doc. 15]** |
| Respondent. | |

18        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of Mule Creek State Prison,

20  is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the

21  Federal Rules of Civil Procedure. Respondent is represented in this action by Lewis A.

22  Martinez, of the Office of the Attorney General for the State of California.

23  **I.    BACKGROUND**

24        Petitioner is currently in the custody of the California Department of Corrections

25  pursuant to a judgment of the Superior Court of California, County of Tulare, upon being

26  found guilty by a jury of forcible rape. (See Lodged Doc. No. 1.) On April 2, 2010,

27  Petitioner was sentenced to an indeterminate state prison term of fifty-six (56) years to

28  life. (Id.) On May 6, 2011, the California Court of Appeal, Fifth Appellate District, modified

1

the judgment to strike a one-year enhancement, but otherwise affirmed the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on July 27, 2011. (Lodged Docs. 3-4.)

Starting in 2011, Petitioner filed two post-conviction collateral challenges with respect to his conviction in the state courts. (See Lodged Docs. 5-7.) The petitions were filed as follows:

1. <u>Tulare County Superior Court</u>
Filed: Unknown[1];
Denied: August 17, 2011;

2. <u>California Court of Appeal, Fifth Appellate District</u>
Filed: November 30, 2011[2];
Denied: March 28, 2012;

(Lodged Docs. 5-7.)

Afterwards, Petitioner filed three federal petitions with this Court. See E.D.Cal. Case Nos. 1:11-cv-01427 AWI MJS; 1:12-cv-01305 GSA; and 1:12-cv-01532 LJO MJS. (Lodged Docs. 8-17.) On March 19, 2014, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[3] On June 18, 2014, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).  (Mot. to Dismiss, ECF No. 15.) Respondent alternatively moved to dismiss the petition because the claims are non-cognizable and unexhausted. (Id.) Petitioner did not file an opposition.

## II.   **DISCUSSION**

### A.   **Procedural Grounds for Motion to Dismiss**

---

[1] Respondent was not able to obtain a copy of Petitioner's petition for writ of habeas corpus filed with the Tulare County Superior Court. As described below, filing date of the petition is not relevant to the resolution of this motion.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner signed the petition on November 30, 2011. Accordingly, the Court shall considered filed on that date, rather, than December 5, 2011, the date it was received.

[3] Petitioner did not date the petition. Accordingly, he is not entitled to an earlier filing date with regard to this petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on March 19, 2014, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on July 27, 2011. (Lodged Docs. 3-4.) The state appeal process became final ninety days later, on October 25, 2011, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on October 26, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from October 26, 2011, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 19, 2014, a year after the statute of limitations

4

1  period expired. Absent the later commencement of the statute of limitations or any

2  applicable tolling, the instant petition is barred by the statute of limitations.

3  **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

4  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

5  application for State post-conviction or other collateral review with respect to the

6  pertinent judgment or claim is pending shall not be counted toward" the one year

7  limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

8  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

9  relief, and the period is tolled during the intervals between one state court's disposition of

10 a habeas petition and the filing of a habeas petition at the next level of the state court

11 system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

12 Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

13 under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

14 timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

15 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

16 determined by the federal courts to have been untimely in state court will not satisfy the

17 requirements for statutory tolling. Id.

18 According to the state court records provided by Respondent, Petitioner's first

19 petition for writ of habeas corpus was denied on August 17, 2011. (Lodged Doc. 5.) The

20 petition was denied prior to the limitations period and has no effect on federal tolling.

21 Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

22 Petitioner next filed a state habeas petition with the Fifth District Court of Appeal

23 on November 30, 2011, which was denied on March 28, 2012. Here, Petitioner delayed

24 105 days from the denial of his superior court petition to the filing of his habeas petition

25 with the court of appeal. Such an unexplained delay is unreasonable, thereby making his

26 petition untimely. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (unexplained

27 eighty and ninety-one day delays in filing are unreasonable under California law and

28 prevent tolling of AEDPA's one year statute of limitations.). Petitioner is not entitled to

1  tolling for the period between filing his petitions. Accordingly, 36 days of limitations

2  period passed between October 26, 2011 (the commencement of the limitations period)

3  and November 30, 2011 (the date of filing of the petition for writ of habeas corpus with

4  the California Supreme Court). Respondent concedes that Petitioner is entitled to tolling

5  with regard to this petition. However, as 36 days of the limitation period passed before

6  the application was filed, 329 days of the limitations period remained when the petition

7  was denied on March 28, 2012.

8      Petitioner waited nearly two years after the denial of his state petition to file the

9  instant petition in federal court on March 19, 2014. Accordingly, the statute of limitations

10 expired during this period. While Petitioner filed several federal habeas petitions during

11 this time, they do not serve to toll the limitations period. Duncan v. Walker, 533 U.S. 167,

12 181-182 (2001). Accordingly, the instant federal petition is untimely.

13      **D.    Equitable Tolling**

14      The limitations period is subject to equitable tolling if the petitioner demonstrates:

15 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

16 circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

17 quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

18 give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

19 Cir.1993).

20      To the extent that Petitioner's amended petition serves as an opposition to the

21 motion to dismiss, Petitioner contends that he should be entitled to equitable tolling

22 because he is uneducated and does not have knowledge of the law. This claim for

23 equitable tolling fails. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se

24 lack of legal sophistication is not an extraordinary circumstance warranting equitable

25 tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal

26 training, a poor education, or illiteracy does not give a court reason to toll the limitations

27 period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223

28 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no different than the

6

1    majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.

2    Accordingly, his ignorance of the law is not an extraordinary circumstance entitling

3    Petitioner to equitable tolling.

4    **III.    EXHAUSTION AND FAILURE TO STATE COGNIZABLE CLAIMS**

5         In his motion to dismiss, Respondent also argues that the petition should be

6    dismissed for failure to exhaust state remedies and for failure to state cognizable claims.

7    As the petition is untimely, the Court need not address such issues.

8    **IV.    FILING OF AMENDED PETITION**

9         On June 19, 2014, after the filing of the instant motion to dismiss, Petitioner filed a

10   first amended petition. (ECF No. 16.) On July 3, 2014, Respondent filed an opposition to

11   the filing of the amended petition arguing that the amended petition should not be

12   considered because the petition is untimely, and therefore any different or additional

13   claims raised in the amended petition should likewise be dismissed. The Court agrees.

14   The claims of Petitioner's petition and amended petition are untimely and subject to

15   dismissal.

16   **V.    CONCLUSION**

17        As explained above, Petitioner failed to file the instant petition for Habeas Corpus

18   within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is

19   entitled to the benefit of statutory tolling, however, his federal petition was still untimely

20   filed. Further, Petitioner was not entitled to equitable tolling.  Based on the foregoing, this

21   Court recommends that Respondent's motion to dismiss be GRANTED.

22   **VI.    RECOMMENDATION**

23        Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

24   Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

25   GRANTED.

26        This Findings and Recommendation is submitted to the assigned  United States

27   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

28   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 28, 2014                        /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE